IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MICHAEL PRESTON,      :
       Petitioner,      :
           :    No. 3:12-cv-1058
    v.      :
           :    (Judge Mariani)
DAVID EBERT, WARDEN,      :
       Respondent.      :

## MEMORANDUM

### I.   Introduction

On March 9, 2012, Petitioner James Michael Preston, an inmate currently confined

at the Canaan United States Penitentiary in Waymart, Pennsylvania, ("USP-Canaan"), filed

a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Preston argues that the Bureau of Prisons, ("BOP"), improperly calculated his federal

sentence. (*Id.*). For the reasons discussed below, the Petition will be denied.

### II.   Factual Background and Procedural History

The factual background of this case, undisputed by the parties, is as follows:

> On September 14, 2002, Preston was arrested by state/local law enforcement
> officers in Decatur, Alabama, and charged with Sale of Cocaine and
> Possession of a Pistol by a Prohibited Person (Criminal Case No. CC02-1195
> (Morgan County Circuit Court)) and was released on bond that same date.
> Solis Decl. ¶ 4 (54), Attach. 2 at 16.
>
> On November 14, 2002, while on bond, local charges of Failure to Yield and
> Driving with a Suspended License (Case Number TR02-2362, 2363, Colbert
> County, AL), were issued against Preston. *Id.* ¶ 4 (55), Attach. 2 at 16.
>
> On December 5, 2002, Preston failed to appear in court for a hearing in

Colbert County for Case Numbers TR02-2362, 2363. *Id.* As a result a Failure to Appear Warrant was issued. *Id.*

On December 13, 2002, Preston was arrested by Decatur, Alabama, Police Officers and charged with First Degree Robbery, in state criminal case number CC03-243 (Morgan County Circuit Court). *Id.* at ¶ 4 (56), ¶ 5(d), Attach. 2 at 16.

On January 15, 2003, while detained in criminal case number CC03-243, Preston was arrested by state/local law enforcement authorities and charged with Distribution of a Controlled Substance in criminal case Number 03-262 (Morgan County Circuit Court). *Id.* at ¶ 4 (57), Attach. 2 at 17.

On January 31, 2003, the United States District Court for the Northern District of Alabama issued a two count federal indictment charging Preston with the federal crime of Bank Robbery by Force or Violence and Violent Crime/Drugs/Machine Gun, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 924(c)(1)(A). *Id.* at ¶ 4 (1-2), Attach. 2 at 4. The federal charges set forth in the indictment involved the same conduct as charged in state criminal case number CC03-243 (Morgan County Circuit Court). *Id.* at ¶ 4, Attach. 2 at 16, 56.

On February 11, 2003, Preston was borrowed by federal authorities via federal writ of habeas corpus ad prosequendum for processing of the federal criminal charges. *Id.* at ¶ 4 (57), Attach. 2a.

On March 19, 2003, Preston pleaded guilty to both counts listed in the federal indictment. *Id.* at ¶ 4 (3), Attach. 2 at 4.

On June 25, 2003, Preston was sentenced by the United States District Court for the Northern District of Alabama to 188 months for Bank Robbery and 84 months for Brandishing a Firearm During a Crime of Violence, to be served consecutively with each other. *Id.* at ¶ 4 (57), Attach. 2b. The Court recommended Petitioner be designated to a Bureau of Prisons institution where he could participate in the 500 hour drug abuse treatment program and in other mental health programs. *Id.* The court also recommended he be designated to an institution as close as possible to his home in Decatur, Alabama. *Id.* The court was silent as to whether it intended the federal

sentence to run consecutively or concurrently with any other sentence to which Petitioner was subject. *Id.*

On August 6, 2003, Preston was returned to state authorities in satisfaction of the federal writ of habeas corpus ad prosequendum. *Id.* at ¶ 4 (57), Attach. 2a.

On January 26, 2004, Preston was sentenced in state court to a 20 year term of imprisonment for the state offense of Sale of Cocaine. *Id.* at ¶ 4 (57), Attach. 2c. The state sentencing court directed the state sentence run concurrently with the federal sentence, and that Preston receive credit against his state sentence for all time served prior to the imposition of the state sentence. *Id.*

On September 22, 2008, Petitioner was paroled by state authorities to the United States Marshals Service (USMS). *Id.* at ¶ 4 (57), Attach. 2d.

In a letter dated March 9, 2010, from the BOP to Preston's federal sentencing court it was explained that pursuant to *Barden v. Keohan*, 921 F.2d 476 (3d Cir. 1990), because: (1) Preston was in primary state custody at the time the federal sentence was imposed; (2) the federal sentence was imposed prior to the imposition of Preston's state sentence; and (3) the federal Judgment and Commitment Order was silent as to the federal sentencing court's intention or recommendation as to the relationship of the federal sentence with any other sentence to which Preston was subject, the BOP had the discretion to consider Preston for a retroactive designation of the state sentence for service of the federal sentence. *Id.* at ¶ 4 (57), Attach. 2e. It was explained that if the BOP granted Preston's request for a retroactive designation, the 272 month federal sentence imposed in Case Number CR03-B-0054 (N.D. Ala.), would run concurrently with a 20 year state sentence imposed by the State of Alabama for Distribution of a Controlled Substance. *Id.* If the BOP denied the request for a retroactive designation, the federal sentence would be treated as a consecutive sentence, which would commence upon the satisfaction of the state sentence. *Id.* It was also explained that among the factors considered by the BOP when determining whether to grant an inmate's request for a retroactive designation, was the position of the federal sentencing court. *Id.* It was explained that although the court's recommendation was not binding, it was relevant and helpful to the BOP

3

when making this determination. *Id.* The BOP requested the court to state its position on this issue. *Id.* The BOP requested the court to respond to this request within 60 days of the date of the letter. *Id.*

On May 15, 2010, after considering Preston's personal circumstances against the five factors set forth at 18 U.S.C. § 3621(b), the BOP denied Preston's request for a retroactive designation of the state prison for service of his federal sentence. *Id.* at ¶ 4 (57), Attach. 2f. It was specifically explained that Preston had a significant criminal history, and the conduct related to his instant offense reflected a calculated attempt to rob a bank and Preston's discharge of a firearm in furtherance of the crime. *Id.* It was also noted that as he and his accomplices attempted to flee the crime scene, Preston engaged in a vehicle chase in a vehicle that had been stolen the night prior to the bank robbery, and during the pursuit the law enforcement officers' vehicle was rammed by the escaping vehicle. *Id.* It was also noted the federal sentencing court did not respond to the BOP's letter seeking its position on this issue. *Id.*

On August 9, 2010, the federal sentencing court issued an order recommending that the BOP grant Preston's request for a retroactive designation. *Id.* at ¶ 4 (57), Attach. 2g.

On December 2, 2010, Preston's request for a retroactive designation of the state prison for service of his federal sentence was reconsidered by the BOP. *Id.* at ¶ 4 (57), Attach. 2h. It was noted that on December 1, 2010, the August 9, 2010 Order of the Federal Sentencing Court was received, and the Order recommended the BOP grant Preston's request for a retroactive designation of the state prison for service of his federal sentence. *Id.* After reconsidering Preston's personal circumstances in light of the factors set forth at 18 U.S.C. § 3621(b), it was determined Preston was not appropriate for a retroactive designation. *Id.* Preston's lengthy criminal history including violence and escape, and the circumstances of the criminal offense conduct involved in his instant offense, were cited as reasons supporting the BOP's decision to deny Preston's request for a retroactive designation. *Id.*

Preston's 272 month federal sentence has been computed as commencing on September 22, 2008, the date he was paroled by state authorities to the USMS. *Id.* at ¶ 4 (57), Attach. 2i-j. He received no prior custody credit

4

against his federal sentence. *Id.* It was noted that a total of 121 days of good conduct time had been disallowed or forfeited as a result of disciplinary action. *Id.* Assuming he received all available good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date was September 21, 2018. *Id.*

(Doc. 19, pp. 11-16).

Preston originally filed his Petition for Writ of Habeas Corpus on March 9, 2012 in the United States Court of Appeals for the Third Circuit. (Doc. 1). The Third Circuit transferred the Petition to the United States District Court for the Northern District of Alabama, the district in which his underlying criminal case was handled. (*Id.*). However, because Preston was confined in the United States District Court for the Middle District of Pennsylvania, on April 10, 2012, the Northern District of Alabama directed that the case be transferred to this Court. *See* (Doc. 2). On June 5, 2012, Preston's Petition was received in the Middle District. (Doc. 5).

In his Petition, Preston argues that the BOP improperly calculated his federal sentence because the BOP failed to credit Preston with any time he spent serving his state sentence. (Doc. 1). Preston specifically states that: (1) he should be awarded credit for his state custody under U.S.S.G. § 5G1.3; (2) the BOP "was required to honor Judge Blackburn's[1] clear clarification of her sentencing intent when she indicated it was her intent

---

[1]    Judge Sharon Lovelace Blackburn was the United States District Judge that sentenced Preston in the United States District Court for the Northern District of Alabama, Northeastern Division. (Doc. 1, p. 8).

5

that petitioner receive credit against his Federal sentence for time spent in state custody as

an award of credit under U.S.S.G. Sec. 5G1.3"; and (3) the BOP failed to give Preston's

request for *nunc pro tunc* credit under 28 C.F.R. § 541.12 fair consideration. (*Id*. at pp. 6-7).

On June 28, 2012, this Court issued an Order directing Respondent to respond to

the Petition on or before July 19, 2012. (Doc. 10). After an extension of time, Respondent

filed a Response on July 23, 2012. (Doc. 19). Respondent argues that Preston has not

fully exhausted all the claims in his Petition and that the BOP properly calculated Preston's

federal sentence. (Doc. 19).

On August 16, 2012, Preston filed a traverse[2], claiming that he has fully exhausted

all of his issues, and that his sentence was improperly calculated. (Doc. 20). Preston

further argues that it was the federal judge's intent that he serve his federal and state

sentences concurrently. (*Id*.). In support of this, Preston argues that his plea agreement

with the state of Alabama provided that he serve his federal and state sentences

concurrently. (*Id*.).

On October 16, 2013, this Court issued an Order directing Respondent to file a reply

addressing Preston's traverse. (Doc. 22). After an extension of time, on December 6,

2013, Respondent filed a response to Preston's traverse. (Doc. 25). The Petition is now

---

[2]    Subsequent to the filing of his traverse, Preston filed a document titled "Notice of Appointment of Fiduciary", in which he seeks to name the Clerk of Court as his fiduciary debtor. *See* (Doc. 21). The Court considers this an irrelevant filing, and it will not be considered in this Memorandum.

ripe for disposition.

## III.    Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge

the 'execution" of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d

235, 241-43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of

rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*,

288 F.3d 532, 540 (3d Cir. 2002).

### A.    Exhaustion

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement,

courts in the Third Circuit consistently have required a petitioner to exhaust administrative

remedies before filing a petition for a writ of habeas corpus. *Moscato v. Federal Bureau of*

*Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052

(3d Cir. 1981) (per curiam)); *e.g., Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000). The

Third Circuit requires administrative exhaustion for habeas claims raised under § 2241

because "(1) allowing the appropriate agency to develop a factual record and apply its

expertise facilitates judicial review; (2) permitting agencies to grant the relief requested

conserves judicial resources; and (3) providing agencies the opportunity to correct their own

errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted).

While there are instances where exhaustion may be excused, the Supreme Court

7

has recognized that: "'it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944) (internal quotations and footnote omitted)); *e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion of administrative remedies not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "[1] would be futile, [2] if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or [3] if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury").

The BOP has a three-level Administrative Remedy Program that is available to inmates for review of an issue which relates "to any aspect of their confinement." 28 C.F.R. § 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. *Id.* at § 542.15(a). No administrative remedy appeal is considered to have been fully

8

exhausted until it has been denied by the Central Office of the BOP. *Id.*

The Central Office must respond to an administrative remedy appeal within forty (40) days from the date it receives an appeal. 28 C.F.R. § 542.18. If that time period is insufficient, the Central Office may extend it by twenty (20) days. *Id.* The Central Office must notify the inmate of such an extension in writing. *Id.*

Respondent concedes that Preston has successfully exhausted his administrative remedies concerning whether the BOP failed to credit him with time served between the date he was arrested and the date his federal sentence commenced, and whether the BOP improperly denied his request for a retroactive designation of the state institution for service of his federal sentence. (Doc. 19, p. 11). Respondent argues, however, that Preston has failed to exhaust his administrative remedies concerning whether the BOP failed to adjust his federal sentence pursuant to U.S.S.G. § 5G1.3. (Doc. 19, p. 11).

Preston maintains that he does not have to exhaust his administrative remedies because the BOP does not have the necessary subject-matter jurisdiction. (Doc. 20, pp. 1-2). Specifically, Preston states that "[n]ot to embarrass the Respondent, yet it seem[s] that he may have the Code of Federal Regulation(s) subsections mixed up", in that "Sections 542.14 and 542.15 deal specifically with the general exhaustion of administrative remedies, for any subject-matter, within the Federal Bureau of Prisons" and "there was no way that the Federal Bureau of Prisons could have adjusted Preston's sentence pursuant to

9

these C.F.R. sections, as they do not give the Federal Bureau of Prisons the necessary

subject-matter jurisdiction to adjust his sentence, pursuant thereto." (*Id.*).  However, despite

Preston's claims to the contrary, he must exhaust his administrative remedies using the

procedures outlined in 28 C.F.R. §§ 542.10, *et seq.  See Schweitzer v. United States*, 215

Fed. Appx. 120, 123 (3d Cir. 2007) ("Because the Bureau of Prisons permits administrative

review of its sentence calculation and because there is no indication that [petitioner] would

be foreclosed from seeking such a review, [petitioner] must exhaust his administrative

remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.").

According to the Administrative Remedy Generalized Retrieval performed on or

about July 10, 2012, Preston had filed two administrative remedies concerning the

computation of his sentence.  (Doc. 19-1, Ex. 1, Attach. 1d).  Remedy 571173 states that

the BOP wrongly calculated his time served after his arrest on December 13, 2002.  (Doc.

19-1, Ex. 1, Attachs. 1b, 1d).  Preston successfully completed the administrative remedy

procedure on this claim by properly appealing the decisions.  (*Id.*).  Remedy 611223 states

that the BOP failed to take into account the letter from the sentencing court recommending

that Preston's state and federal sentence run concurrently.  (Doc. 19-1, Ex. 1, Attachs. 1c,

1d).  Preston successfully completed the administrative remedy procedure on this claim by

properly appealing the decisions.  (*Id.*).  None of these administrative remedies concerned

whether the BOP failed to adjust his federal sentence pursuant to U.S.S.G. § 5G1.3.

The record shows that Preston failed to exhaust his administrative remedies

concerning whether the BOP failed to adjust his federal sentence pursuant to U.S.S.G. §

5G1.3. *See* (Doc. 19-1). As such, this claim will be dismissed for failure to exhaust.[3]

_____

[3]    However, even if Preston had successfully exhausted this issue, the claim ultimately has no merit. Section 5G1.3 of the United States Sentencing Guidelines provides:

Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.

    This section of the Sentencing Guideline is not applicable to Preston as it applies only when an undischarged term of imprisonment exists at the time the sentence is imposed. *Id.;* Doc. 25, pp. 13-14. Preston was sentenced in federal court on June 25, 2003. (Doc. 19-1, Ex. 2, Attach. 2b "Judgment in a Criminal Case"). At that time, he was not subject to any other sentence. Preston did not receive his Alabama sentence until January 26, 2004. (Doc. 19-1, Ex. 2, Attach. 2c). As such, there was no undischarged portion of a state sentence upon which to base a § 5G1.2 adjustment. Preston has failed to set forth any evidence that the federal sentencing court intended to apply this adjustment. Accordingly, the

### B.     Sentence Computation

Under 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Armstrong v. Grondolsky*, 341 Fed. Appx. 828 (3d Cir. 2009); *Negron v. U.S.*, 2013 WL 5720162 (M.D. Pa. 2013). The Attorney General has delegated this authority to the BOP.  28 C.F.R. § 0.96.  18 U.S.C. § 3585 governs the calculation of a term of imprisonment.

Preston argues that the BOP has incorrectly calculated his sentence and that he should have received credit against his federal sentence for all time served from December 13, 2002, the date he was arrested and charged with robbery in his state criminal case. (Doc. 1).  He claims that his "federal sentence was improperly deemed to have commenced upon his release, via state parole, by state authorities to the United States Marshals Service for service of his federal sentence." (Doc. 20, p. 3).  He further argues that his prior custody was not properly calculated. *See* (Docs. 1, 20).  Respondent counters that Preston's sentence calculation was correct.  (Doc. 19, pp. 19-34; Doc. 25, pp. 5-17).

### 1.     Primary Custody

Under the primary custody doctrine, the sovereign that first arrests an individual has primary custody over him and has priority over all other sovereigns that subsequently arrest him. *Smith v. Meeks*, 2013 WL 3388913, *2 (W.D. Pa. 2013), *citing, Ponzi v. Fessenden*,

---

Petition would be denied on this claim regardless of exhaustion.

258 U.S. 254 (1922). *See, e.g., Bowman v. Wilson,* 672 F.2d 1145, 1153-54 (3d Cir.1982); *George v. Longley,* 463 Fed. Appx. 136, 138 (3d Cir. 2012). The sovereign with primary custody "is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition." *Smith,* 2013 WL 3388913 at *2, *citing, Bowman,* 672 F.2d at 1153-54. "Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole." *Id., citing, George,* 463 Fed. Appx. at 138 n. 4.

The primary custody doctrine has been incorporated into the BOP policies and is helpful in determining when the federal sentence commences. *Smith,* 2013 WL 3388913 at *3. A threshold issue when determining the date of a federal sentence is whether the defendant was in primary federal or primary non-federal custody at the time the federal sentence was imposed. If a defendant is in primary federal custody at the time of sentencing, the federal sentence will commence upon imposition. *Id.* If a defendant is not in primary federal custody, *i.e.* in primary state or local custody, at the time of sentencing (regardless of whether the federal sentence was imposed before the state sentence), the BOP must determine whether the federal sentencing court expressly indicated an intent as to whether the federal sentence should run concurrently or consecutively with the

13

non-federal sentence.[4]  *Id.*  If the federal sentencing court expressly indicated an intention

to have its sentence run concurrently with the non-federal sentence, the federal sentence

commences upon imposition.  *Id.*  If the federal sentencing court is silent as to its intent to

run the sentence concurrently or consecutively, the court's silence may be construed as an

intent to impose a consecutive sentence.  *See* 18 U.S.C. § 3584(a).  In those cases, the

federal sentence does not commence until primary state custody over the defendant is

relinquished and the defendant is released to federal custody.  *Smith*, 2013 WL 3388913 at

*3 (citing 18 U.S.C. § 3585(a); BOP Program Statement 5880.28, Chapt. 1, pages 2-13, 31-

33).

### 2.    Commencement of Sentence

The BOP generally determines the date upon which a federal sentence commences.

*See, e.g., Goodman v. Grondolsky*, 427 Fed. Appx. 81, 82 (3d Cir. 2011) ("In calculating a

federal sentence, the BOP first determines when the sentence commenced and then

determines whether the prisoner is entitled to any credits toward his sentence.").  A

sentence cannot begin to run earlier than on the date it is imposed.  *Rashid v. Quintana*,

372 Fed. Appx. 260, 262 (3d Cir. 2010), *citing, United States v. Labeille-Soto*, 163 F.3d 93,

98 (2d Cir. 1998).

---

[4]    Section 3584(a) of Title 18 of the United States Code states that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).

Section 3585 of Title 18 of the United States Code provides, in part:

(a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

### 3.    Prior Custody Computation

Section 3585(b) of Title 18 of the United States Code provides:

(b)  Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  "Congress has made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 333.

### 4.    Application

The record before the Court reveals that on December 13, 2002, Preston was arrested by local/state authorities and charged with First Degree Robbery.  (Doc. 19-1, Ex. 2, ¶ 4(56), ¶ 5(d), Attach. 2f).  On February 11, 2003, Preston was borrowed by federal

15

authorities via federal writ of habeas corpus ad prosequendum for federal criminal charges. (*Id.* at ¶ 5(g), Attach. 2a). Although the state robbery charges were adopted by federal authorities, the state retained primary jurisdiction over Preston as a result of his pending state criminal charges, stemming from his September 14, 2002 arrest for Sale of Cocaine and Possession of a Pistol by a Prohibited Person. (*Id.* at Ex. 2, ¶ 4(54)). Thus, Preston's temporary transfer to federal custody pursuant to a federal writ of habeas corpus ad prosequendum, was insufficient to interrupt the state's priority jurisdiction. (*Id.* at Ex. 2, ¶ 4(57), Attach. 2a); *George*, 463 Fed. Appx. at 140, *citing*, *Ruggiano*, 307 F.3d at 125 n. 1. As such, Preston was in primary state custody at the time of sentencing on his federal charges.

On June 25, 2003, Preston was sentenced on his federal charges for Bank Robbery. (*Id.* at Ex. 2, Attach. 2b). On or about August 6, 2003, after imposition of this sentence, Preston was returned to state authorities in satisfaction of the federal writ. (*Id.* at Ex. 2, ¶ 4 (54), Attach. 2a). On January 26, 2004, Preston was sentenced in state court to 20 years imprisonment for the state offense of Sale of Cocaine. (*Id.* at Ex. 2, Attach. 2c). The state sentencing court directed that this state sentence run concurrently with the federal sentence, and that Preston receive credit against his 20 year state sentence for all time served prior to the imposition of the state sentence.[5] (*Id.*).

---

[5]   The legal implications of the state sentencing court's direction that the state sentence run concurrently with the federal sentence, including the alleged plea bargain, will be addressed later in this

On September 22, 2008, Preston was paroled by the state authorities to the United

States Marshals Service. (*Id.* at Ex. 2, ¶ 5, Attach. 2e). Preston did not receive any prior

custody credit toward his federal sentence. After he began serving his federal sentence,

Preston requested retroactive designation[6] from the BOP, which was ultimately denied.

(*Id.* at Ex. 2, Attachs. 2f, 2g). *See also Barden*, 921 F.2d 476.

Because Preston's federal sentence was silent as to whether it was supposed to be

concurrent or consecutive with the state sentence,[7] and because the BOP denied Preston's

request for a retroactive designation, the BOP correctly computed Preston's

commencement date as September 22, 2008, the date Preston was released to the USMS

by state authorities.

In deciding Preston's federal sentence computation, the Court notes that the conduct

connected with his federal offense was committed on December 13, 2002, the date he was

arrested for Bank Robbery (the basis of his federal charge). (Doc. 19-1, Ex. 2, ¶ 4(56), ¶

5(d), Attach. 2f). From December 13, 2002 until September 22, 2008, the commencement

date of his federal sentence, Preston was continuously detained in primary state custody on

---

Memorandum.

    [6]    Retroactive designations, or *nunc pro tunc* designations, "effectively commence the federal sentence upon imposition and thus are a means by which the Bureau of Prisons may run a federal sentence concurrently with a non-federal sentence." (Doc. 19-1, Ex. 2, p. 6 n. 1) (citing Bureau of Prisons Program Statement 5160.05).

    [7]    The federal sentencing court only recommended that his sentence be concurrent *well after* he was sentenced.

the Bank Robbery arrest. (*Id*. at Ex. 2, ¶ 9, Attach. 2c). Pursuant to the state sentencing court, the state credited all time served from December 13, 2002 (the date of the arrest for Bank Robbery), through September 22, 2008 (the date his federal sentence commenced), against his 20 year state sentence for the Sale of Cocaine. (*Id*. at Ex. 2, ¶ 9, Attachs. 2c, 2d). Because 3585(b) prohibits double credit, this time credited to his 20 year state sentence could not also be credited to his federal sentence. *See Wilson*, 503 U.S. 329; *Chambers v. Holland*, 920 F. Supp. 618, 623 (M.D. Pa. 1996); *Labeille-Soto*, 163 F.3d at 99. All time that Preston served in official detention between the date of the federal offense conduct (December 13, 2002) and the date Preston's federal sentence commenced (September 22, 2008) was credited against his 20 year state sentence for the Sale of Cocaine. Therefore, pursuant to 18 U.S.C. § 3585(b), this Court finds that the BOP properly denied Preston prior custody credit against his federal sentence.

To the extent that Preston argues that the state sentencing court's order, that the state sentence run concurrent with the federal sentence, serves as a basis for crediting his federal sentence with the time spent serving his state sentence, (Doc. 1), and that by not crediting him with time on his federal sentence, the BOP has violated his state plea bargain, (Doc. 20), Preston's arguments are without merit.

Regarding the state sentencing court's order, it has been well-established "that neither the federal courts nor the [BOP] are bound in any way by the state court's direction

that the state and federal sentences run concurrently. *See* U.S. Const. art. VI, cl. 2."

*Barden*, 921 F.2d at 478 n. 4. *See also Ramos-Rodriguez v. Warden, FCI Fort Dix*,

446 Fed. Appx. 417, 419 (3d Cir. 2011) (the BOP "is not bound in any way by the

Commonwealth Judge's determination that the state and federal sentences are to run

concurrently"); *Eccleston v. United States*, 390 Fed. Appx. 62, 64 (3d Cir. 2010) ("neither

the federal courts nor the BOP are bound in any way by the state court's instruction that the

state and federal sentences were to run concurrently"). Further, although Preston claims

that his plea agreement with the state included that his state and federal sentences run

concurrently, he has failed to produce the plea agreement in support of this claim.

Even if the plea agreement did contain an assurance that the state and federal

sentences would run concurrently, the violation of that plea agreement would be a failure of

the state system, not the BOP. In *Loveless v. Ziegler*, 2012 WL 3614315 (S.D.W. Va.

2012),[8] the United States District Court of the Southern District of West Virginia adopted the

Proposed Findings and Recommendation of a Magistrate Judge recommending that a §

2241 habeas petition be denied. *Id.* In that case, Petitioner argued, in part, that the BOP's

failure to grant his *nunc pro tunc* designation request violated the Petitioner's guilty plea in

state court in violation of his due process rights. *Id.* at *5. In denying this argument the

---

[8]    Although not binding on this Court, the Court finds the holding in *Loveless v. Ziegler*, 2012 WL
3614315 (S.D. W. Va. 2012), very persuasive in finding that Preston's claim that the BOP failed to credit an
alleged state plea agreement has no merit.

District Court explained:

> It was the state system that failed to give effect to the state sentence, and the BOP is not now responsible for righting that wrong. Nor is the Court empowered to grant Petitioner's writ of habeas corpus without a finding that he is being held in violation of the U .S. Constitution or the laws of the United States. The only remaining question, then, is whether the state corrections department violated federal law or the Constitution by failing to immediately release Petitioner to federal custody. Myriad decisions from federal courts of appeals illustrate that the present circumstances, in which the state corrections department failed to give proper effect to the concurrency order, do not permit habeas relief. *See, e.g., Hunter v. Tamez*, 622 F.3d 427, 430-32 (5th Cir. 2010) (considering and rejecting federalism and separation of powers arguments against the BOP's nunc pro tunc authority in a factually similar case); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (upholding BOP denial of nunc pro tunc designation where state corrections department failed to immediately release petitioner); *Taylor v. Sawyer*, 284 F.3d 1143, 1150-52 (9th Cir. 2002) (upholding BOP denial in like circumstances and rejecting arguments that BOP discretion violates principles of federalism, separation of powers, and state sovereignty); *Barden*, 921 F.2d 476, 478 & n. 4 (3d Cir.1990) (citing Supremacy Clause of U.S. Constitution and stating "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently"); *Trowell v. Beeler*, 135 F. App'x at 593-94 (finding, in identical circumstances, that "there is no constitutional defect ... because at the time the [state] court entered its order directing concurrent service of the state sentence, [the defendant] had not yet begun his federal term of imprisonment. Had [the state] wished to give effect to its court's concurrency order, the state could have ... deliver[ed] him into federal custody for the purpose of beginning his federal sentence."); *see also Jefferson v. Berkebile*, 688 F. Supp. 2d 474, 488 (S.D.W.Va. 2010) ("Furthermore, Petitioner has cited no law, nor has this Court found any, which supports the notion that due process concerns oblige the BOP to make designation decisions in such a manner that none of the sentencing judge's factual assumptions are frustrated."); cf. *Fegans v. United States*, 506 F.3d 1101, 1104-05 (8th Cir. 2007) (upholding BOP denial of nunc pro tunc designation in similar circumstances).

*Id.*

Accordingly, the Court finds that the BOP properly computed Preston's sentence,

including any time for prior custody, and his claims to the contrary are without merit.

> C.    *Retroactive Designation*

To the extent that Preston's Petition is asking this Court to review the BOP's denial

of his request for a retroactive designation, this Court's review is limited to an abuse of

discretion standard.  *Barden*, 921 F.2d at 478.  18 U.S.C. § 3621(b) provides that the

Bureau of Prisons may designate any available penal or correctional facility as the place of

a prisoner's imprisonment "whether maintained by the Federal Government or otherwise"

provided that the facility meets certain minimum standards.  In designating the place of

imprisonment, § 3621(b) provides that the BOP shall consider:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence -
> > (A) concerning the purposes for which the sentence to imprisonment was
> > determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to
> section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  The BOP has the authority to designate a state prison as the place of

imprisonment for service of a federal sentence and has the authority to make such a

designation *nunc pro tunc*.  *Barden*, 921 F.2d at 482.  But it is within the BOP's discretion

whether to actually make such a designation after considering the statutory factors.  *Id.* at

478.

On March 9, 2010, the BOP sent Preston's federal sentencing court a letter

explaining that Preston had requested credit toward his federal sentence for the time he

was in state custody. (Doc. 19-1, Ex. 2, Attach. 2e). The letter explained that, as a result of

*Barden*, 921 F.2d 476, the BOP considers a request for credit in such a case as a request

for a retroactive (concurrent) designation. (*Id.*). The letter ultimately asked for the Court's

position on Preston's request for a retroactive designation. (*Id.*).

On May 14, 2010, after considering Preston's personal circumstances against the

five (5) factors set out by 18 U.S.C. § 3621(b), the BOP denied Preston's request for a

retroactive designation. (*Id.* at Ex. 2, Attach. 2f). It was noted that the federal sentencing

court did not respond to the BOP's letter. (*Id.*).

The federal sentencing court issued an order *recommending* that the BOP grant

Preston's request for a retroactive designation on August 9, 2010. (*Id.* at Ex. 2, Attach. 2g)

(emphasis added). The BOP reconsidered Preston's request for a retroactive designation

on December 2, 2010 in light of the recommendation of the federal sentencing judge. (*Id.* at

Ex. 2, Attach. 2h). After reconsidering Preston's personal circumstances against the factors

set out in 18 U.S.C. § 3621(b), the BOP again denied Preston's request for a retroactive

designation. (*Id.*). The BOP specifically noted that Preston has a significant criminal

history, he is a career offender, Preston fired a pistol twice while robbing the credit union,

22

and Preston attempted to elude police in a vehicle chase creating a substantial risk of death or serious bodily injury to other persons and to law enforcement officers. (*Id.*).

The record shows that the BOP considered the factors under 18 U.S.C. § 3621(b) when denying Preston's request, including the recommendation of the federal sentencing judge. As such, the BOP did not abuse its discretion by deciding not to make a retroactive designation in Preston's case. *See McCarthy v. Warden*, 2013 WL 3943551, *4 (M.D. Pa. 2013) (finding that the federal judge's letter to the BOP recommending that petitioner's federal sentence run concurrently with his state sentence "was only that, a recommendation, and not a court order that the BOP had to follow" and the BOP did not abuse its discretion in denying the petitioner *nunc pro tunc* designation).

## IV.   Conclusion

The BOP correctly determined when Preston's federal sentence commenced and the credits toward the federal sentence to which Preston is entitled. The BOP did not abuse its discretion in refusing to retroactively designate the state prison as the place of service of Preston's federal sentence. Accordingly, the habeas petition will be denied.

A separate Order follows.

Date: August 2-5, 2014

Robert D. Mariani
United States District Judge